IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03009-GPG

KASEBAJALE A. MAYO,

    Plaintiff,

v.

PERFORMANCE PROPERTY MANAGEMENT, INC.,
GREGORY S. BERAN, Owner,
SARA AGUILAR,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, KaSebajale A. Mayo, is a resident of Aurora, Colorado. On November 22, 2017, Plaintiff filed *pro se* a Complaint (ECF No. 1-1)[1], and an Application to Proceed *In Forma Pauperis* (ECF No. 1-4), with the United States Court of Federal Claims. The United States Court of Federal Claims transferred the action to this Court on November 20, 2018. (ECF No. 1). Following orders from the Court, Plaintiff filed a Second Amended Complaint (ECF No. 10), on December 27, 2018. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 14).

The Court construes the Second Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

---

[1] "(ECF No. 1-1)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This manner of identifying a document on the electronic docket is used throughout this order.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff will be directed to file a Third Amended Complaint.

## I. The Second Amended Complaint

Plaintiff asserts three claims against Defendants relating to her rental of a residence and her subsequent eviction. According to Plaintiff, on October 11, 2018, she went to see a caseworker/ therapist at Mile High Behavior Health of Colorado for rental assistance. The caseworker contacted leasing representatives at Defendant Performance Property Management ("PPM") by telephone and offered to pay Ms. Mayo's October rent in full, including any late fees. PPM refused any and all offers of payment for Plaintiff. Apparently, PPM indicated it would not accept rent payment if Plaintiff didn't come up with it on her own. Plaintiff contacted PPM, via their text server, to inquire why they did not want to be paid in full and explained why Mile High Behavior Health of Colorado was providing rental assistance.

When Plaintiff returned to her residence the same day, there was a "Three-Day Notice" placed on her door for Demand for Payment of Rent or Possession of Premises. This caused Plaintiff emotional distress.

She again reached out to PPM, via its text server, the next day, October 12, 2018, asking when the court date for the eviction process was scheduled, explaining that no one had responded to her texts from the previous day, and asking when PPM planned on updating the electrical in the unit.

On October 16, 2018, a Complaint Under Simplified Civil Procedure (Unlawful Detainer) was placed on Plaintiff's residence door, as well as a Return of Service

(Unlawful Detainer), for a court date of October 24, 2018.  On October 17, 2018, Plaintiff filed an Answer to the Demand for Payment of Rent, arguing that the eviction was a violation of the Fair Housing Act and the Colorado Anti-Discrimination Act.

On October 18, 2018, Plaintiff filed a formal Housing Discrimination Complaint with the United States Department of Justice asserting violations of the Americans with Disabilities Act ("ADA").  Plaintiff received a letter from the DOJ that her complaint was referred to the local HUD office in Denver.  Plaintiff made several attempts to follow up with the local HUD office, but she received no response.

On October 18, 2018, another Demand for Compliance or Possession was placed on Plaintiff's door for a Noise Violation.  Plaintiff reached out to Defendants, via text server, to question the validity of the Demand and to inform Defendants that her lease did not have a Paragraph 23, which was apparently mentioned in the noise violation notice.  Plaintiff informed PPM to stop harassing and intimidating her.  She alleges that PPM attempted to coerce her to move out of the unit prior to the Judge's orders.  Defendants Gregory Beran, who owns PPM, and Sara Aguilar, who is an employee of PPM, appeared in court during Plaintiff's eviction hearings even though they knew that at the time of the court hearing, Plaintiff was actively attending treatment from the effects of being a victim of a violent crime the previous year.

Plaintiff asserts the following three claims:

1. 42 U.S.C. § 3604 Discrimination in or Rental of Housing & Other Prohibited Practices;

2. 42 U.S.C. § 3617 Interference, coercion or intimidation; enforcement by Civil Action;

3. 24 CFR 100.400(a), (c), (2), (5), (6) Prohibited Interference, Coercion, or Intimidation

3

(ECF No. 10). She seeks damages.

## II. Analysis

Plaintiff's first and second claims are based on violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* 42 U.S.C. § 3604 and § 3617. Her third claim is based on alleged violations of HUD regulations, 24 CFR 100.400(a), (c), (2), (5), (6).

The FHA provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, . . . . ." 42 U.S.C. § 3613(a)(1)(A). An aggrieved person is defined to include any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i). A discriminatory housing practice is "an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title." 42 U.S.C. 3602(f). Plaintiff specifically alleges violations under sections 3604 and 3617.

Section 3604 makes it unlawful for housing providers to discriminate against a person because of a handicap. 42 U.S.C. § 3604(f)(3)(B). Prohibited discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

It appears Plaintiff is alleging that Defendants discriminated against her by not allowing an accommodation of permitting another entity to pay her rent. To state a claim for discrimination under the FHA for failure to accommodate, a plaintiff must show (1) that the plaintiff is handicapped as defined by the FHA; (2) that the defendant knew or reasonably should have known of the claimed handicap; (3) that accommodation of

the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such accommodation. *Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp.3d 1177, 1183 (D. Colo. 2016) (internal citation omitted).

Plaintiff does not allege any facts to show that she is handicapped within the meaning of the FHA. To fall within the definition of "handicap," a person must: (1) have a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) have a record of having such an impairment; or (3) be regarded as having such an impairment. 42 U.S.C. § 3602(h). Further, Plaintiff must show that Defendants knew or should have known of her disability; that the requested accommodation (in this case to allow someone else to pay her rent) is necessary to afford her an equal opportunity to use and enjoy the unit; that the accommodation is reasonable; and that Defendants refused to make the requested accommodation. *See Arnal,* 226 F. Supp.3d at 1184-87. Plaintiff must file a third amended complaint that adequately alleges an FHA claim pursuant to § 3604.

Next, Plaintiff alleges a violation of 42 U.S.C. § 3617. Section 3617 states:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Plaintiff also alleges that Defendants violated HUD regulations, 24 CFR 100.400(a), (c), (2), (5), (6). These regulations provide HUD's interpretation of the conduct that is unlawful under section 818 of the FHA. 24 CFR § 100.400(a). The specific subsections of the HUD regulations cited by Plaintiff include:

> (2) Threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin of such persons, or of visitors or associates of such persons.
> . . .
> (5) Retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act.
>
> (6) Retaliating against any person because that person reported a discriminatory housing practice to a housing provider or other authority.

24 C.F.R. § 100.400 (c) (2), (5), (6).

In order to state a claim under Section 3617, plaintiff must allege the following: (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate. *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (citations omitted); *Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1233 (D. Kan. 2001) (citations omitted); *see also Arnal*, 226 F. Supp. 3d at 1187–88 (citations omitted). "Interference" is more than a "quarrel among neighbors" or an "isolated act of discrimination," but rather is a "pattern of harassment, invidiously motivated." *Bloch*, 587 F.3d at 783 (citations omitted); *Honce v. Vigil,* 1 F.3d 1085, 1090 (10th Cir.1993) ("It is not sufficient if the harassment is isolated or trivial."). Plaintiff must file a Third Amended Complaint that adequately alleges a FHA claim pursuant to § 3617.

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in

this matter.  The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.  Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days of the date of this Order**, a Third Amended Complaint, on the court-approved Complaint form, that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a Third Amended Complaint as directed within the time allowed, the action may be dismissed without further notice.

DATED January 30, 2019, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge